UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS ZELEDON *et al*,

                Plaintiffs,

-v-

DIMI GYRO LLC *et al.*,

                Defendants.

No. 15-cv-7301 (RJS)
ORDER

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/6/18

RICHARD J. SULLIVAN, District Judge:

The above-entitled matter was reassigned to my docket from Judge Griesa's docket on December 13, 2017. Now before the Court is Magistrate Judge Debra C. Freeman's Report and Recommendation, dated December 4, 2017, recommending that the Court dismiss Plaintiff Manuel Pereda's claims in light of his failure to comply with a court order and for failing to attend his own deposition. (Doc. No. 53 (the "Report").) No party filed an objection to the Report, and the time to do so has long since expired.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). When no objections to a report and recommendation are made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Boyd v. City of New York*, 12-cv-3385 (PAE) (JCF), 2013 WL 452313, *1 (S.D.N.Y. Feb. 6, 2013) (citation and internal quotation marks omitted). A magistrate judge's decision is "clearly erroneous" only if the district court is "left with the definite and firm conviction that a mistake has been committed." *SEC v. Cobalt Multifamily Investors I, Inc.*, 542 F. Supp. 2d 277, 279 (S.D.N.Y. 2008) (quoting *Chen v.*

*Bd. of Immigration Appeals*, 435 F.3d 141, 145– 46 (2d Cir. 2006)). Because no party filed any objections here, the Court reviews the Report only for clear error.

Having reviewed Judge Freemans's Report, the Court finds that the reasoning and conclusions set forth therein are not facially or clearly erroneous, and adopts the Report in all respects. Accordingly, IT IS HEREBY ORDERED THAT Plaintiff Pereda's claims are dismissed without prejudice pursuant to Federal Rules of Civil Procedure 37(b) and (d). (*See* Doc. No. 53 at 1.) The Clerk of Court is respectfully directed to terminate Pereda from the docket.

Because all other discovery in this matter closed on September 29, 2017 (Doc. No. 49), IT IS FURTHER ORDERED THAT, under the Court's Individual Rule 2.A, the remaining parties shall file premotion letters, if any, no later than Friday, February 16, 2018. If no party files a premotion letter by that date, the Court will schedule a trial.

SO ORDERED.

Dated: February 6, 2018
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE