UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------

LUIS ZELEDON, individually and in behalf of all other persons similarly situated,

                              Plaintiff,

        -against-

DIMI GYRO LLC d/b/a CHIRPING CHICKEN, *et al.*,

                             Defendants.
---------------------------------------------------------------

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/27/19

15cv7301 (DF)

**ORDER OF DISMISSAL**

**DEBRA FREEMAN, United States Magistrate Judge:**

In this action under the Fair Labor Standards Act and the New York Labor Law, which is before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c), the parties, having reached an agreement in principle to resolve the action, have placed their proposed settlement agreement before the Court for approval. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 1999 (2d Cir. 2015) (requiring judicial fairness review of FLSA settlements). Counsel for plaintiff Luis Zeledon ("Zeledon") has also submitted two letters to the Court, explaining why the parties believe the proposed settlement agreement is fair, reasonable, and adequate. (Dkts. 75, 78.) In the second of these letters, counsel has also clarified that, although the proposed agreement would afford relief not only to Zeledon, but also to another individual, Luis Tamaquiza Ichapanta ("Ichapanta") (who is neither a named nor an opt-in plaintiff in this action), the parties are only seeking this Court's review of those portions of the agreement that relate to Zeledon and to costs and attorneys' fees attributable to the prosecution of this action on behalf of Zeledon. (*See* Dkt. 78.)[1] The Court has reviewed counsel's submissions in order to

---

[1] The reason Ichapanta is included in the proposed settlement agreement is that both he and Zeledon had asserted claims against defendant DLS Chicken Corp. ("DLS") in the United States Bankruptcy Court for the Eastern District of New York, after DLS filed a voluntary

determine whether the proposed agreement (Dkt. 75 (attached agreement)) represents a reasonable compromise of the claims asserted by Zeledon in this action, and, in light of the totality of the relevant circumstances, including the representations made in counsel's letters, the terms of the proposed settlement agreement, and this Court's own familiarity with the parties' claims and defenses, it is hereby ORDERED that:

1. The Court finds that the terms of the proposed settlement agreement are fair, reasonable, and adequate, both to redress Zeledon's claims in this action and to compensate Zeledon's counsel for the costs and legal fees incurred in connection with this action, and the agreement as to Zeledon is therefore approved.

2. The Court notes that the proposed settlement agreement expressly contemplates that this Court will retain jurisdiction over this action. (*See id.* ¶ 6.) In light of this, and in order to effectuate the evident intent of the parties, this Court will retain jurisdiction over this matter for the purpose of enforcing the settlement as to Zeledon.

3. As a result of the Court's approval of the parties' executed settlement agreement, this action is hereby discontinued with prejudice and without costs or fees to any party. The Clerk of Court is directed to close this case on the Docket of the Court.

Dated: New York, New York
November 27, 2019

SO ORDERED

*Julia Jm*
DEBRA FREEMAN
United States Magistrate Judge

---

petition for relief pursuant to Chapter 11 of the Bankruptcy Code. (*See* Dkt. 75.) Both of these claimants apparently negotiated with DLS to resolve their claims, and the negotiated resolution was memorialized in the single agreement that has been submitted here, which has now been separately approved by the Bankruptcy Court. (*See id.*)

2

Copies to:

All counsel (via ECF)